**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**NANCY REMSON,**

                **Plaintiff,**

**-vs-**                                                  **Case No.  6:12-cv-558-Orl-19KRS**

**IMAGINE SCHOOLS, INC.,**

                **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause comes before the Court on its own initiative. On April 12, 2012, Plaintiff, Nancy Remson, filed a complaint against Defendant, Imagine Schools, Inc., alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Doc. No. 1. On May 22, 2012, the Court entered an FLSA Scheduling Order, which, among other things, required the parties to file a Report Regarding Settlement by August 19, 2012 and, if they had not settled the case by that time, to file a Case Management Report immediately thereafter. Doc. No. 12. The FLSA Scheduling Order also stayed discovery until the parties filed a Case Management Report. *Id.*

On August 20, 2012, the parties filed a joint motion for extension of time to file their Report Regarding Settlement, requesting an additional thirty (30) days so that they could pursue further settlement negotiations. Doc. No. 22. On August 21, 2012, the Court granted that motion. Doc. No. 23. On September 19, 2012, the parties filed their second joint motion for extension of time to file their Report Regarding Settlement, requesting another twenty (20) days to pursue further settlement negotiations. Doc. No. 24. On September 20, 2012, the Court granted that motion. Doc. No. 25. On

November 6, 2012 (almost a month after the second extension of time had expired), the parties filed their third joint motion for extension of time to file their Report Regarding Settlement, requesting another thirty (30) days in which to continue settlement negotiations. Doc. No. 26. The Court also granted that motion. Doc. No. 27.

The parties then failed to file their Report Regarding Settlement or a Case Management Report timely . On February 4, 2013 (almost two months after their third motion for extension of time had expired), the parties finally filed their Report Regarding Settlement and reported that they had exhausted all settlement efforts and would immediately file a Case Management Report. Doc. No. 28. As it happened, on February 1, 2013, I had signed an order requiring the parties to file their Report Regarding Settlement or requiring Plaintiff to show cause why her case should not be dismissed for failure to prosecute. Doc. No. 29. That order was signed on February 1, but not docketed until after the parties filed their Report Regarding Settlement on February 4, 2013. Upon review of the parties' Report Regarding Settlement, I discharged the order to show cause and required the parties to file a Case Management Report by February 8, 2013. Doc. No. 30.

As of the writing of this order, the parties have not yet filed a Case Management Report, as required by my order.

Accordingly, based on Plaintiff's failure to comply with my order to file a Case Management Report or to provide any justification for not doing so, and the other failures to abide by Court orders discussed above, I **RESPECTFULLY RECOMMEND** that Plaintiff Nancy Remson's claims against

Defendant Imagine Schools, Inc. be **DISMISSED** without prejudice for failure to prosecute and for failure to comply with a pretrial order of the Court pursuant to Federal Rule of Civil Procedure 16(f).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 12, 2013.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy